## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**QUENTIN HALE**                                                      **PLAINTIFF**
**#553659**

v.                              **No. 4:23-cv-1153-DPM**

**CITY OF MORRILTON and**
**NATHAN WATKINS, Police**
**Officer, Morrilton Police**
**Department**                               **DEFENDANTS**

### ORDER

1.      Motion to proceed *in forma pauperis, Doc. 1*, granted.  The
Court assesses an initial partial filing fee of $20.53.      Hale's
custodian must collect monthly payments from his prison trust account
each time the amount in the account exceeds $10.00.  These payments
will be equal to twenty percent of the preceding month's income
credited to the account;  and they will be collected and forwarded to
the Clerk of the Court until the $350.00 filing fee is paid in full.
28 U.S.C. § 1915(b)(2).  The payments forwarded on Hale's behalf must
be clearly identified by the case name and case number.

2.      The Court directs the Clerk to send a copy of this Order to
the  Administrator  of  the  Conway  County  Detention  Center,
30 Southern Valley Dr., Morrilton, Arkansas 72110.

3.      The Court must screen Hale's § 1983 complaint.  28 U.S.C.
§ 1915(e).  In June 2023, Officer Watkins initiated a traffic stop of

Jasmine Williams. Because Hale, her passenger, had active warrants, he was arrested. He says Officer Watkins used excessive force during that arrest. Though Hale was handcuffed and not resisting, Officer Watkins slammed him to the ground and tased him. Hale alleges resulting physical and mental issues, including PTSD. He seeks damages and the return of his cell phone.

In the search after the arrest, Officer Watkins discovered that Hale possessed fentanyl. Hale is currently awaiting trial for trafficking of controlled substances, possession of drug paraphernalia, and endangering the welfare of a minor. *State v. Hale*, 15CR-23-250 (Conway County). As a result, the Court must abstain from proceeding with his federal case because the state case is ongoing. Arkansas has an important interest in enforcing its criminal laws, and Hale may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, Hale hasn't alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). His claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\*     \*     \*

The Court directs the Clerk to stay and administratively terminate this case. Hale can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Hale doesn't file a timely motion to reopen or a status report by 6 December 2024, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_6 December 2023_

- 3 -